# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

Heather H. Kase, Administratrix :
and Administratrix Ad Prosequendum :
of the Estate of Nathan E. Kase, :
and Heather H. Kase, Individually, :
       Plaintiff :
                :    DOCKET NO.: 1:07-CV-01715

vs. :
                :

Marriott Hotel Services, Inc. :
and :
LaSalle Hotel Operating Partnership, L.P.,:
       Defendants :

## ORDER

      AND NOW, this      day of           , 2009, upon consideration of the

Petition to Approve Compromise Settlement, it is hereby ORDERED that settlement in the gross

sum of $1,000,000.00 is approved.  IT IS FURTHER ORDERED that the settlement proceeds

shall be allocated as follows:

      Wrongful Death Action ( 99%)

| | | |
|---|---|---|
| Gross Recovery | : | $990,000.00 |
| Less:  Costs | : | $ 39,947.69 |
| Less:  Counsel Fees | : | $301,515.70 |
| Less:  Repayment of Lien | : | $  60,164.18 |
| Net Recovery  to the | | |
|   Statutory Beneficiaries | : | $588,372.43 |

      Survival Action   (1%)

| | | |
|---|---|---|
| Gross Recovery | : | $ 10,000.00 |
| Less:  Costs | : | $     403.51 |
| Less:  Counsel Fees | : | $   3,045.61 |
| Less:  Repayment of Lien | : | $     607.72 |
| Net Recovery to the Estate | | |
|     of Nathan Kase | : | $   5,943.16 |

IS FURTHER ORDERED that the proceeds be distributed as follows:

| | | |
|---|---|---|
| To  Raynes McCarty for costs: | | $ 40,351.20 |
| To Raynes McCarty for fees: | | $304,561.31 |
| To Healthcare Recoveries for lien: | | $ 60,771.90 |
| To: | Heather Kase: | $394,315.59 |
| To: | Iris Kase:<br>Guaranteed periodic<br>payments as set forth in<br>Exhibit to the Petition<br>with a present cost of - | $100,000.00 |
| To: | Isabelle Kase:<br>Guaranteed periodic<br>payments as set forth in<br>Exhibit to the Petition<br>with a present cost of - | $100,000.00 |

BY THE COURT:

_____
                                     J.

**RAYNES McCARTY**
By: Regina M. Foley, Esquire
116 White Horse Pike
Haddon Heights, NJ 08035
(856) 546-5454

Attorney for Plaintiff, Heather H. Kase

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

Heather H. Kase, Administratrix    :
and Administratrix Ad Prosequendum  :
of the Estate of Nathan E. Kase,    :
and Heather H. Kase, Individually,    :
        Plaintiff               :
                            :     DOCKET NO.: 1:07-CV-01715
vs.                        :
                        :
Marriott Hotel Services, Inc.      :
and                       :
LaSalle Hotel Operating Partnership, L.P.,:
        Defendants         :

## <u>PLAINTIFF'S PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT</u>

Plaintiff, Heather Kase, Administratrix and Administratrix *Ad Prosequendum* of

the estate of Nathan E. Kase, deceased, by her attorneys, Raynes McCarty, respectfully requests

approval of the settlement of this matter and allocation of the settlement proceeds and states as

follows:

    1.    This is a wrongful death and survival action brought on behalf of the Estate of

        Nathan Kase.  Petitioner, Heather Kase , decedent's wife, is the duly appointed

Administratrix of the Estate of Nathan E. Kase, deceased; Letters of
Administration were granted by the Register of Wills of Philadelphia County,
Pennsylvania, on June 8, 2005.  In addition, Letters of Administration *Ad
Prosequendum* were granted to plaintiff, Heather H. Kase, April 10, 2007.
Copies of the letters are attached hereto as **Exhibit A**.

2.     The statutory beneficiaries are Mr. Kase's wife, petitioner Heather Kase and their
daughters, Iris Kase (DOB:  11/16/02) and Isabelle Kase (DOB: 1/11/05).

3.     Nathan Kase died on May 10, 2005, as a result of injuries he suffered
approximately three weeks earlier when he fell down a flight of steps at the
defendants' resort hotel, the Marriot Seaview Resort and Spa. Mr. Kase, who was
a partner at Wolf Block, had been attending the litigation department's weekend
retreat.  Plaintiff alleges that her husband was served alcoholic beverages by the
defendant's bartenders when he was visibly intoxicated and that this negligence,
coupled with the deficiencies rendering the stairway in question defective and
hazardous, resulted in Mr. Kase's fatal fall down the steps. Defendants deny these
allegations.

4.     Mr. Kase was born on February 11, 1969, making him 36 years of age at the time
of his death.

5.     Mr.Kase died intestate.

6.     Although the defendants deny liability, they have nonetheless agreed to enter into
a settlement with the plaintiff.

7.     After multiple communications, defendants have agreed to pay $1, 000,000 in full
settlement of all claims arising out of the death of Nathan Kase.

8. Counsel for plaintiff hereby represent to the Court that the settlement is in the best interest of the beneficiaries, because it pays substantial compensation to his surviving wife and children; avoids the expense and delay of further litigation; avoids the necessity of his wife to testify about the loss to her and her children; and avoids the risks inherent at trial where liability is disputed.

9. Petitioner is of the opinion that the proposed settlement is reasonable.

10. A total of $ 40,351.20 in costs was incurred in prosecution of the claim, as set forth in the itemization attached as **Exhibit B**.

11. Expert expenses include: two economists – one who calculated the loss of earnings and earning capacity under Pennsylvania law and one who calculated the pecuniary losses under New Jersey law – since a mediation was being held before a determination was made by the court as to which state's law applied; an expert toxicologist, to determine the decedent's "relation back" alcohol level and the visible effect that level of BAC would have had upon him; an architect to inspect and report upon the condition of the stairs where decedent fell; and a physician to evaluate the cause of death.

12. Expenses related to the investigation, filing fees and service of the complaint include expenses incurred in investigating the corporate structure of the Marriot Seaview Resort and Spa,  filing a savings action in state court before the statute of limitations expired (in the event diversity jurisdiction was proven not to exist) and bringing the lawsuit against eleven different parties. Plaintiff's preliminary investigation revealed at least eleven different entities which may have had an

interest in the ownership or operation of the resort.  Given the complexity of the corporate structures and plaintiff's inability to definitively determine which entities owned or operated the Seaview Marriot Resort and Spa before the complaint was filed, eleven defendants were named in both the state and federal lawsuit. Plaintiff hired Selective Service to assure proper and timely service of the Summons and Complaints upon the defendants.

13.    The expenses reported for the settlement video production, mediation and travel were incurred in preparing for and attending the two mediation sessions before the Honorable Joel B. Rosen. The travel expenses (hotel/air/meals) were incurred by Mrs. Kase who had to travel twice from Atlanta, GA. to attend the mediations.

14.    Plaintiff's counsel has not included expenses incurred for postage, copying or counsel's travel related expenses.

15.    The amount available for distribution net of litigation costs totals $ 959,648.80

16.    Plaintiff's counsel is requesting approval of counsel fees of $ 304,561.31 which has been agreed to by Plaintiff. This fee is consistent with New Jersey law and represents 33 1/3% of the first $500,000 available for distribution ($166,666.67) and 30% of the next $459,648.80 available for distribution ($137,894.64). [1]

17.    The net available for distribution after deduction of costs and attorney's fees is $655,087.49.

18.    Decedent's health insurer, Independence Blue Cross has asserted a lien in the

---

[1]. The New Jersey Superior Court, Appellate Division has clarified that in a wrongful death lawsuit, it is the adult status of the administrator *ad prosequendum* that determines the fee, irrespective of its subsequent allocation among beneficiaries, some of whom may be minors. Gertzberg v. Jacuzzi Whirlpool Bath, 286 N.J. Super. 197 (App. Div. 1995).

amount of $86,817.00, and will accept $60,771.90 in full settlement of the lien.

19.    After deduction of costs, attorney's fees and the medical lien, the amount
available for distribution is $594,315.59.

20.    Plaintiff respectfully requests the Court to allocate at most $10,000.00 to the
Survival claim and the balance of the proceeds to the Wrongful Death claim, for
the benefit of the beneficiaries, Mr. Kase's wife and two minor children. The only
potential claim under the Survival action would have been for Mr. Kase's pain
and suffering and loss of enjoyment of life for the 25 days he survived. Given his
level of intoxication, (his blood alcohol level was .21%, nearly three times the
legal limit for presumptive intoxication under New Jersey law)  then the induced
coma on day 5 of his hospitalization, his conscious pain and suffering was
mercifully limited.

21.    Mrs. Kase was not employed at the time of her husband's death and was
dependent on his income for support. She is now the sole support for her two
minor children.  Plaintiff respectfully requests the Court allocate distribution of
the proceeds of the settlement in a manner which would give Mrs. Kase the funds
needed to support herself and her children during their minority. With that in
mind, petitioner requests $394,315.59 be allocated to Mrs. Kase and the following
tax-free annuities issued to each of the two children, as follows:

Iris Kase (Structured Settlement with New York Life Insurance Company):

| Income During College Years | Guaranteed Payout | Cost |
|---|---|---|
| $20,000 per year for 4 years certain only, beginning on 11/16/2020 (age 18). The final certain payment will be on 11/16/2023. | $ 80,000 | $ 45,180 |
| Lump Sum Payment | | |
| $127,886.22 Certain payment on 11/26/2027 (age 25). | $127,886 | $ 54,820 |
| Totals | $207,886 | $100,000 |

Isabel Kase (Structured Settlement with New York Life Insurance Company):

| Income During College Years | Guaranteed Payout | Cost |
|---|---|---|
| $23,000 per year for 4 years certain only, beginning on 1/11/2023 (age 18). The final certain payment will be on 01/11/2026. | $ 92,000 | $ 45,793 |
| Lump Sum Payment | | |
| $141,028.53 Certain payment on 01/11/2030 (age 25). | $141,029 | $ 54,207 |
| Totals | $233,029 | $100,000 |

22.    N.J.S.A.2A:31-4 vests the court with the authority to make a "fair and equitable apportionment of the amount recovered" among decedent's dependents, taking into account, among other considerations, their age, educational and financial needs, and "other relevant factors which will contribute to a fair and equitable apportionment of the amount recovered."

23.     To assure the minor children's funds are safely invested, petitioner has agreed to

have the net recovery payable for the benefit of the minor children, Iris Kase and

Isabelle Kase placed in tax qualified structured settlements, with annuity policies

issued by New York Life Insurance Company, the terms of which are set forth in

the documents attached hereto as **Exhibit C.**

WHEREFORE, plaintiff respectfully requests this Honorable Court enter the

attached Order approving the allocations and distributions of this award.


Respectfully submitted,

RAYNES McCARTY


BY:     *s/Regina M. Foley, Esquire*
        Regina M. Foley, Esquire (rm0314)
        Stephen E. Raynes, Esquire
        Gerald A. McHugh, Jr., Esquire
        Martina W. McLaughlin, Esquire
        Attorneys for Plaintiffs

## VERIFICATION

Heather Kase hereby states that she is the plaintiff in this action, and the mother of Iris and Isabel Kase. She has reviewed the attached Petition to Approve Compromise Settlement, and it accurately sets forth the terms of the settlement to which I have agreed. I represent to the court that I believe the Schedule of Periodic Payments set forth herein is in the best interest of my minors daughters, and that I am prepared to continue to meet my support obligations to them during their period of minority. I further represent that I approve reimbursement of costs and payment of counsel fees as set forth in the Petition.

HEATHER KASE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2009, a true and correct copy of Plaintiff's Petition for Approval of Compromise Settlement was served upon the following parties via First Class Mail, postage prepaid, upon the following:

Denise Ricci, Esquire
Wade Clark Mulcahy
917 Mountain Avenue
Mountainside, NJ  07092


RAYNES McCARTY


BY:     *s/Regina M. Foley, Esquire*
Regina M. Foley, Esquire (rm0314)
Stephen E. Raynes, Esquire
Gerald A. McHugh, Jr., Esquire
Martina W. McLaughlin, Esquire
Attorneys for Plaintiffs

EXHIBIT A

LETTERS OF ADMINISTRATION

## REGISTER'S OFFICE
### PHILADELPHIA COUNTY, PA

N°    A 2757-05

ESTATE OF   **NATHAN E. KASE**

A/K/A   **NATHAN EDWARD KASE**

A/K/A   **NATHAN KASE**

Social Security No.   **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**

WHEREAS,   **NATHAN E. KASE**

late of   **PHILADELPHIA COUNTY**

died on the   **10TH**   day of   **MAY** ,   **2005** ; and

WHEREAS, the grant of letters of administration is required for the administration of his estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County and Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to   **HEATHER H. KASE**

who ha ^S^ duly qualified as Administrat**/ / TRIX** of the estate of the above named decedent and ha ^S^ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **8TH** day of **JUNE** **2005**

*Domenic Dinella*

*Deputy Register*

10-36 (Rev. 10/99)

# Atlantic County Surrogate's Court

In the Matter of the Estate of:  :

NATHAN E. KASE  :

           Deceased  :

### Letters of Administration Ad Prosequendum

I, JAMES A. CARNEY, Surrogate of the County of Atlantic in the State of New Jersey,

DO CERTIFY that on the     tenth         day of    April

in the year of our Lord, Two Thousand    Seven

administration ad prosequendum of    NATHAN E. KASE

late of    County of    Philadelphia        , and State of    Pennsylvania,

who died intestate, was granted by me to    HEATHER KASE

of the    City       of    Atlanta         , in the County of   Fulton

and State of    Georgia      , who is duly authorized and empowered to bring an

action,

institute a proceeding or make a claim in   her   name, as such administrat $rix$   ad

prosequendum of the decedent named whose death gives rise to the claim, as in the statute

in such case provided.



Witness my hand and seal of office the     tenth

day of    April         in the year of our Lord,

Two Thousand    Seven

_____

James A. Carney, Surrogate

Date of Death:    May 10, 2005

# EXHIBIT B

**CASE COSTS**
**HEATHER KASE**

1.   EXPERTS EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $20,392.50

2.   FILING FEES/EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,567.89

3.   RECORD REQUESTS/COURT REPORTING EXPENSES . . . . . . . . . . . . . . . 4,007.63

4.   SETTLEMENT VIDEO PRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,261.33

5.   INVESTIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 655.89

6.   MEDIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,375.00

7.   TRAVEL (HOTEL/AIR, ETC. FOR HEATHER KASE) . . . . . . . . . . . . . . . . . . 3,090.96

     **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$40,351.20**

**Expert Expenses:**          **$20,392.50**

| | | | |
|---|---|---|---|
| Saferstein - Expert<br>1800.00 | **$1800.00** | Gray Smith - Expert<br>617.50<br>2500.00 | **$3117.50** |
| Tinari - Expert<br>3300.00<br>1075.00 | **$4375.00** | Wachter - Expert<br>5400.00 | **$5400.00** |
| Dr. Milo Pulde<br>3675.00<br>225.00 | **$3900.00** | Stephan G. Lynn, M.D.<br>$1400.00 | **$1400.00** |
| Kathleen Ward Gaus | **$  400.00** | | |

**Filing Fees/Expenses:**     **$4567.89**

| | | | |
|---|---|---|---|
| Atlantic County<br>**55.00 4/1107** | **$55.00** | Selective Subpoena<br>252.43<br>463.36<br>1469.78<br>567.96<br>563.36 | **$3316.89** |
| Office of Court<br>200.00 File Complaint (State) | **$200.00** | Clerk, USDC<br>350.00 File Complaint (USDC)<br>150.00 PHV - GAM<br>150.00 PHV - SER<br>150.00 PHV - MWM | **$800.00** |
| NJ Lawyers Fund<br>186.00 - SER | **$186.00** | State of New Jersey<br>$10.00 4/16/07 | **$10.00** |

**Court Reporting/Record Requests:**          **$4007.63**

| | | | |
|---|---|---|---|
| Vitale Reporting | **$1793.88** | Mediconnect | **$393.15** |
| 470.88 | | 393.15 | |
| 936.75 | | | |
| 386.25 | | | |
| | | | |
| ERSA | **$1435.60** | | |
| 530.00 | | | |
| 457.00 | | | |
| 448.60 | | | |
| | | | |
| Veritext | **$385.00** | | |
| 385.00 | | | |

**Settlement Video:**          **$5261.33**

| | | | |
|---|---|---|---|
| Academy Video/Bill S. | **$4911.33** | Post Script | **$350.00** |
| 1004.73 | | 350.00 | |
| 32.50 | | | |
| 160.00 | | | |
| 674.10 | | | |
| 1160.00 | | | |
| 1800.00 | | | |
| 80.00 | | | |

**Investigation:**          **$655.89**

| | | | |
|---|---|---|---|
| Dun & Bradstreet | **$500.88** | West | **$155.01** |
| 500.88 | | 90.01 | |
| | | 65.00 | |

**Mediation:**          **$2375.00**

| | | | |
|---|---|---|---|
| Mediation | **$2375.00** | | |
| 2375.00 | | | |

Travel:            **$3,090.96**

| Hotel/Air                          $2753.33 | Meals                                  $337.63 |
|---------------------------------------------|------------------------------------------------|
| <u>Heather Kase</u>                         | <u>Rittenhouse/Smith & Wollensky</u>           |
| 497.18 Hotel/Air 10/11/07                   | 70.85  2/9/06 meal                             |
| 673.00 Air - Mediation                      | 58.69  11/7/07 Heather                         |
|                                             | 83.75  4/15/08 meal                            |
| <u>Rittenhouse Hotel</u>                    | 74.14  4/15/08                                 |
| 343.40 hotel                                | 50.20  9/10/08 meal                            |
| 297.95 4/15/08 hotel                        |                                                |
|                                             |                                                |
| <u>Delta</u>                                |                                                |
| 672.80 11/7/07 Heather                      |                                                |
| 35.00          11/7/07 Heather              |                                                |
| 199.00         8/11/08 Heather              |                                                |
| 35.00          8/11/08 Heather              |                                                |

EXHIBIT C


**Mesirow Financial**
STRUCTURED SETTLEMENTS

July 20, 2009
**SETTLEMENT PROPOSAL FOR:**
**Iris Kase**

PREPARED BY:
Paul Brandt
Phone: 703.312.4313
Fax: 703.351.5282
pbrandt@mesirowfinancial.com

| ASSUMPTIONS | NAME: | Iris Kase |
|---|---|---|
| | SEX: | Female |
| | DOB: | 11/16/2002 |

| | | Guaranteed Payout | Expected Payout | Cost |
|---|---|---|---|---|
| **COLLEGE FUND** | | | | |
| $20,000.00 | Per year for 4 years certain only, beginning on 11/16/2020 (Age 18). The final certain payment will be on 11/16/2023. | $80,000 | $80,000 | $45,180 |
| **LUMP SUM PAYMENT** | | | | |
| $127,886.22 | Certain payment on 11/16/2027 (Age 25). | $127,886 | $127,886 | $54,820 |
| | **Totals** | $207,886 | $207,886 | $100,000 |

**Life Company:**     New York Life Insurance Company
**Best A++ Company by A.M. Best**

This proposal is valid for seven (7) days from the above date.
All proposals are subject to approval by Mesirow Financial Structured Settlements.

Neither Settlement Planning Associates, LLC d/b/a Mesirow Financial Structured Settlements, LLC nor its employees or agents provide tax or legal advice.  Claimant(s) is responsible for his or her own tax returns and should obtain independent tax advice prior to entering into a structured settlement arrangement.  Prior to becoming a binding agreement, the information and benefits described herein are subject to change at any time without prior notice.  Securities may be offered by Mesirow Financial, Inc., a registered broker-dealer, member NASD, NYSE and SIPC.


**Mesirow Financial**
STRUCTURED SETTLEMENTS

July 20, 2009
**SETTLEMENT PROPOSAL FOR:**
**Isabel Kase**

PREPARED BY:
Paul Brandt
Phone:  703.312.4313
Fax:  703.351.5282
pbrandt@mesirowfinancial.com

| ASSUMPTIONS | NAME: | Isabel Kase |
| | SEX: | Female |
| | DOB: | 1/11/2005 |

| | | Guaranteed Payout | Expected Payout | Cost |
|---|---|---|---|---|
| **COLLEGE FUND** | | | | |
| $23,000.00 | Per year for 4 years certain only, beginning on 01/11/2023 (Age 18). The final certain payment will be on 01/11/2026. | $92,000 | $92,000 | $45,793 |
| **LUMP SUM PAYMENT** | | | | |
| $141,028.53 | Certain payment on 01/11/2030 (Age 25). | $141,029 | $141,029 | $54,207 |
| | **Totals** | $233,029 | $233,029 | $100,000 |

**Life Company:**    New York Life Insurance Company
**Best A++ Company by A.M. Best**

This proposal is valid for seven (7) days from the above date.
All proposals are subject to approval by Mesirow Financial Structured Settlements.

Neither Settlement Planning Associates, LLC d/b/a Mesirow Financial Structured Settlements, LLC nor its employees or agents provide tax or legal advice.  Claimant(s) is responsible for his or her own tax returns and should obtain independent tax advice prior to entering into a structured settlement arrangement.  Prior to becoming a binding agreement, the information and benefits described herein are subject to change at any time without prior notice.  Securities may be offered by Mesirow Financial, Inc., a registered broker-dealer, member NASD, NYSE and SIPC.