[Doc. No. 62]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HEATHER KASE,

        Plaintiff,

    v.                                    Civil No. 07-1715 (JBS/JS)

SEAVIEW RESORT & SPA, et al.,

        Defendants.

**O R D E R**

This matter is before the Court on plaintiff's "Petition for Approval of Compromise Settlement" [Doc. No. 62]; and no opposition to the petition being filed; and the Court having held a hearing on plaintiff's petition on September 22, 2009; and the Court hearing testimony via video-conference from plaintiff Heather Kase in Atlanta, GA; and the Court also hearing from plaintiff's investment consultant who was present in court; and the Court noting that plaintiff's complaint was filed on April 12, 2007; and the Court noting that this lawsuit arises out of an accident that occurred on May 10, 2005, involving plaintiff's deceased husband, Nathan Kase; and the Court noting that plaintiff had two children with the decedent--Iris (D.O.B. November 16, 2002) and Isabelle (D.O.B. January 11, 2005); and the Court noting that plaintiff is the legal guardian of her two minor children and is the sole support for the children; and the Court noting that this lawsuit settled for the

total sum of one million ($1,000,000) dollars; and the Court noting that plaintiff's complaint includes claims under the New Jersey Survival (N.J.S.A. 2A:15-3) and Wrongful Death Acts (2A:31-1, et seq.); and the Court noting that plaintiff incurred $40,351.20 in costs to prosecute this action; and the Court noting that plaintiff's attorneys' fees in this matter total $304,561.31; and the Court noting that a healthcare lien in the amount of $60,771.90 will be satisfied out of the settlement proceeds; and the Court noting that the net settlement proceeds to be distributed is $594,315.39; and the Court noting that plaintiff proposes to allocate $10,000 to the survival action and $584,315.39 to the wrongful death action; and the Court noting that plaintiff proposes to allocate $100,000 to each of her minor children out of the wrongful death proceeds, to be invested in tax free annuities; and the Court noting that pursuant to the applicable authority, this Court must approve the allocation between plaintiff's wrongful death and survival claims, and the allocation of the wrongful death proceeds (N.J.S.A 2A:31-4); and plaintiff testifying that she consents to the distribution and allocation of the settlement proceeds as set forth in her petition and this Order; and for all the reasons stated on the record on September 22, 2009; and good cause existing for the entry of this Order;

IT IS HEREBY ORDERED this 25th day of September, 2009, that plaintiff's Petition for Approval of Compromise Settlement is

GRANTED; and

IT IS FURTHER ORDERED that plaintiff's allocation of $10,000 to her survival claim, and $584,315.39 to her wrongful death claim, is APPROVED as a fair, equitable and reasonable apportionment of the amount recovered; and

IT IS FURTHER ORDERED that the allocation of $484,315.39 to plaintiff as her proceeds of the wrongful death claim and $100,000 to each of her minor children as their proceeds of the wrongful death claim, is a fair, equitable and reasonable apportionment of the amount recovered; and

IT IS FURTHER ORDERED that to the extent not already done defendants shall pay plaintiff the proceeds of the settlement within thirty (30) days of the date of entry of this Order; and

IT IS FURTHER ORDERED that plaintiff and her counsel shall promptly distribute the settlement proceeds in accordance with this Order after the proceeds are received from defendants; and

IT IS FURTHER ORDER that with the consent of the parties all claims in this matter shall be marked settled and dismissed; and

IT IS FURTHER ORDERED that with the consent of the parties the Clerk of the Court is directed to close this file.

                              s/Joel Schneider
                              JOEL SCHNEIDER
                              United States Magistrate Judge